[Civ. No. 42361. Second Dist., Div. Four. Apr. 25, 1974.]

JULRIK PRODUCTIONS, INC., Plaintiff and Respondent, v. HAL E. CHESTER, Defendant and Appellant.

## COUNSEL

Miller, Glassman & Browning, Stephen D. Miller and J. Kent Steele for Defendant and Appellant.

Loeb & Loeb, Howard I. Friedman and Jeffrey M. Abell for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Plaintiff sued for damages for fraud in inducing an agreement to modify an earlier contract of employment. After a trial by the court, trial by jury having been waived, the court found in favor of plaintiff and awarded it compensatory damages in the amount of $68,777 and punitive damages in the amount of $2,500, plus costs. Defendant has appealed. For the reasons hereinafter stated we reverse the judgment with directions.

Plaintiff is a corporation owned by Frank Tarloff and engaged in the business of providing the services of Tarloff to persons and companies in need of or desirous of his professional services as a motion picture and television writer. All of the negotiations concerning the contracts involved in this lawsuit were conducted by Tarloff as the agent of plaintiff corporation.[1]

Tarloff was hired by defendant in November 1962 to supervise the preparation of a motion picture script which was then being written by another author for a picture ultimately called "Father Goose." Thereafter, Tarloff was hired by defendant to revise the original script. The second employment was made orally in March of 1963. The terms of that agreement are not here in dispute. In summary it called for plaintiff to receive a cash payment and an additional sum based on the production budget of any motion picture ultimately produced from Tarloff's revision.[2]

In August of 1963, plaintiff and defendant met in London. Defendant

---

[1]Because of the identity between them, we use the term "plaintiff" and the name "Tarloff" interchangeably.

[2]The terms of the March agreement were found by the trial court as follows: "In March, 1963, plaintiff and defendant entered into an oral agreement calling for plaintiff to provide the services of Frank Tarloff to defendant for the purpose of writing a screenplay based upon an unpublished novel then entitled 'A Place of Dragons.' Subsequently, the screenplay was retitled 'Father Goose' and was a highly successful motion picture photoplay produced and distributed by Universal Pictures Company, Inc. Said oral agreement provided that plaintiff would receive $6,000.00 (including $1,000.00 previously paid for supervisory work done on a prior draft of a screenplay written by another writer) and would receive additional compensation as determined by a formula based on the budget cost of any motion picture photoplay which might be produced from the screenplay. The photoplay ultimately produced from the screenplay provided for a budget of $3,932,500.00 with the consequence that under the oral agreement plaintiff would have received a total of $84,777.00 as compensation for the writing of said screenplay. Pursuant to said oral agreement, Frank Tarloff wrote a screenplay during the period between March of 1963 and June 1st of 1963, and delivered same to defendant. Plaintiff was paid $6,000.00 pursuant to said oral contract in connection therewith."

No objection to that finding is made on this appeal.

told plaintiff: that the picture rights had been sold for $50,000; that defendant's out-of-pocket costs were $30,000, leaving only a $20,000 profit; and that the purchaser insisted, as a condition of the sale, that plaintiff's percentage rights be eliminated. Defendant asked plaintiff to agree to accept a flat sum of $10,000 in lieu of the percentage formula originally agreed upon. Plaintiff agreed. Later plaintiff discovered that defendant's representations were false, that the picture rights had, in fact, been sold for an amount in excess of $50,000, and that the purchaser had not objected to defendant's percentage arrangement.

The trial court found that defendant's August representations were false, that they were made intentionally and maliciously with intent that plaintiff rely on them and that plaintiff had reasonably so relied.

On this appeal, defendant does not attack the findings of falsity and of intent to deceive, nor does he attack the amount of the judgment. His contention is that the finding of justifiable reliance was in error.

To support the contention made here, defendant advances two arguments: (1) Tarloff placed no justifiable reliance on Chester's false representations in that the record shows that Tarloff distrusted defendant's honesty from the beginning; and (2) that the trial court erroneously excluded a letter which might have shown actual nonreliance on the August representations.

## I

In March 1963, Tarloff wrote to the plaintiff's attorney, setting forth the details of the then oral contract for his services. In referring to the percentage to be based on the production budget of the picture when, as, and if produced, that letter said, of the term "producer's net profit," "whatever that may mean when you deal with Hallie Chester."

At the trial, Tarloff testified that he had had reference to a practice, of which he regarded defendant as capable, of engaging in devious accounting procedures to disguise the actual budgets and profits of motion pictures and that he had not intended to imply a generalized distrust of defendant's honesty. We cannot say that the trial judge erred in accepting that explanation, in believing Tarloff when he testified that he did not question defendant's August statement as to the facts of the sale of the picture rights, and in concluding that the March letter did not show that Tarloff could not, and did not, reasonably rely upon Chester's August statements.

## II

After Tarloff and defendant had orally agreed on the modification,

Tarloff wrote, in August 1963, to his attorney in Los Angeles, giving the latter the details of the modification agreed on. At the trial, Tarloff testified to sending that letter and it contained that information.[3] Defendant sought to see and examine the letter itself. The trial court, after extended argument, sustained an objection to disclosure of the letter on the ground of the attorney-client privilege.

We conclude that the ruling was in error. Apart from generalized discussions of the attorney-client privilege, neither party has cited to us any authority directly in point. However, it is clear that the privilege may be waived. We think that it was waived here when Tarloff, without objection, testified under cross-examination not only that there was such a letter but went into some detail as to its contents. Evidence Code, section 912, provides that the right to claim the attorney-client privilege is waived "with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication. . . ." We regard that provision as applicable here.

On this appeal, plaintiff argues that, even assuming that the letter was not privileged, defendant has shown no prejudice. The argument is without merit. Where a party to a lawsuit seeks to obtain evidence from his adversary, the requirement of an offer of proof is not applicable. (Evid. Code, § 354, subd. (c); Witkin, Cal. Evidence (2d ed. 1966) § 1314, p. 1214.) In light of the fact that another letter sent in March, to the same attorney, on the subject of the terms of the original agreement, had contained language dealing with Tarloff's opinion of defendant's integrity, it was not unreasonable for defendant to anticipate that some similar comment might have been made in the August letter. Had such comment been included, it would not only have permitted cross-examination of Tarloff on that matter, but the comment itself would be some evidence (though not necessarily controlling) for the trial court's consideration on the issue of Tarloff's reliance upon the August representations.

---

[3]"Q Tell us everything you told [your attorney in that letter].

"A Yes. All right.

"That Mr. Chester had come back, told me that he had made a deal, that the deal was being made or had been made at—with Universal, that he was getting $175,000 for the distribution rights to HIDE AND SEEK, that he was getting $50,000 for the script of FATHER GOOSE, that we were dividing the twenty over his costs evenly, that Mr. Chester had said that unless I agree to this there would be no film, no sale, no deal with Universal, and that he had pleaded with me to accept his—accept the modifications, and that I had agreed to do that.

"Q Now, did you relate this to Mr. Schwab orally or in writing?"

## III

In its brief, plaintiff offers, if this court concludes (as we have) that the letter was not privileged, to submit it to us for examination. We are faced with a procedural dilemma. If the letter does contain the kind of comment for which defendant hopes, it was material and its admission would require a further hearing at which the entire issue of justifiable reliance would necessarily be subject to re-examination by the trier of fact. However, if the letter does not contain the hoped-for comment, it would add nothing to the case as already made and its exclusion was not prejudicial.

We can see no way in which this court can effectively determine the effect of the letter without engaging in a fact-finding process within the function of a trial court. Accordingly, we reverse the judgment and remand the case with appropriate directions.

The judgment is reversed. The case is remanded to the superior court with directions to reassign it to Judge Title for the following purposes: (1) to strike finding number VI; (2) to admit the letter into evidence; (3) to permit defendant such cross-examination of Tarloff on the contents of that letter as defendant may desire and the court shall find reasonable; (4) if there is such cross-examination, to permit such redirect examination of Tarloff as may be appropriate; (5) thereafter to make such new finding on the issue of reliance and the reasonableness of reliance as the court, in the light of the whole record, shall deem proper; and (6) thereafter to make such modifications, if any, in its other findings, to draw such conclusions of law and to enter such judgment as the revised findings shall require. Neither party shall recover costs in this court.

Jefferson, Acting P. J., and Dunn, J., concurred.